IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ISAAC LAMONT WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:17CV607 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, filed an application for a writ of habeas corpus using the forms for a petition pursuant to 28 U.S.C. § 2241. Generally, petitions pursuant to § 2241 challenge the execution or computation, as opposed to the validity or legality, of the conviction or sentence. This petition does not pose such a challenge.

Relief pursuant to § 2241 is available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of their detention. See 28 U.S.C. § 2255(e); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). However, § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Jones, 226 F.3d at 333 (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A

contrary rule would effectively nullify the gatekeeping provisions. Jones, 226 F.3d at 333 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)).

Here, Petitioner already attacked the same conviction and sentence in a previous § 2255 motion [No. 1:13CV326] which was dismissed with prejudice. He cannot satisfy the savings clause without at least first moving in the Court of Appeals for permission to file a second or successive motion pursuant to § 2255. Jones, 226 F.3d at 333-34. Petitioner does not show that he has done so and, because of this pleading failure, this particular motion should be filed and then dismissed.

In addition, to have his claim heard under § 2241, Petitioner must also show that (1) at the time of his conviction, the settled law of the applicable circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and prior § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted was deemed not criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule was not one of constitutional law. Jones, 226 F.3d at 333-34. Petitioner seeks to base a claim mainly on Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016). Petitioner previously received permission to file a second § 2255 motion [No. 1:16CV755] the day after Mathis issued on June 23, 2016. Nevertheless, Petitioner did not attempt to add any claim under Mathis to that motion even when he amended the still-pending § 2255 motion several months later. (1:10CR111-1, Docket Entry 121.) Further, Mathis is not retroactive on collateral review. United States v. Taylor, 672 F. App'x 860,

-2-

864 (10th Cir. 2016) (citing cases). It also did not change prior law. Mathis, ___ U.S. at ___, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."). Specifically, Mathis did not change precedent decided by the United States Court of Appeals for the Fourth Circuit. Id. at 2251, n.1 (citing Omargharib v. Holder, 775 F.3d 192 (4th Cir. 2014), as falling on the side of a circuit split that prevailed in Mathis). For all of these reasons, Petitioner should be aware in making any refiling that it does not appear that he can satisfy the savings clause or raise a viable claim using Mathis.

IT IS THEREFORE RECOMMENDED that this action be filed and then dismissed *sua sponte* for Petitioner's failure to seek certification for a second or successive § 2255 motion by filing a Motion for Authorization in the court of appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

IT IS ORDERED that the Clerk send Petitioner a copy of this Recommendation and instruction forms for filing § 2255 motions in this Court and Motions for Authorization in the court of appeals, and four copies of § 2255 motion forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2255 motion which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

This, the 25th day of July, 2017.

                                        /s/ L. Patrick Auld
                                           **L. Patrick Auld**
                                **United States Magistrate Judge**